UNITED STATES *v.* WHITTIER.

*(Circuit Court, N. D. Illinois.  August 4, 1882.)*

1. CRIMINAL PROCEDURE—ERROR—STAY OF PROCEEDINGS.

On an application to the circuit court for a writ of error to the district court, in a criminal case, if the error complained of is a matter about which there may be a serious question, it is the duty of the court or of the judge, not only to grant the writ of error, but to allow a stay of proceedings, to enable the defendant to take the deliberate judgment of the appellate court upon the question involved in the case.

2. WRIT OF ERROR—WHEN GRANTED.

Where there is a question about which there is a doubt, as whether the defendant is charged in the indictment with a felony or a misdemeanor, and whether it was error to receive the verdict of the jury during the absence from the court of defendant and his counsel, and as to which question defendant has a right to take the opinion of the appellate court, a writ of error and a stay of proceedings should be granted.

*D. A. Leake,* for the United States.

*Lyman Trumbull,* for defendant.

DRUMMOND, C. J.   This is an application to the circuit court for a writ of error, with an order for a stay of proceedings on a judgment and sentence by the district court for the imprisonment of the defendant in the penitentiary at Chester for the term of three years. The offense charged in the indictment was that the defendant deposited in the post-office a notice which gave information to the persons named in the indictment where an article for the prevention of conception could be obtained, contrary to section 3893 of the Revised Statutes, as amended by the act of July 12, 1876.   The record shows that on the fifteenth of June, 1882, the defendant in person, and by his attorney, together with the district attorney and a jury, appeared in court, and that the evidence in the case was concluded, and the arguments of counsel heard, and the instructions of the court given to the jury, "and the jury thereupon retired to consider their verdict; and, after a short absence, the jury returned into court, in the absence of the defendant and his attorney, the following verdict, viz., 'We, the jury, find the defendant guilty;' and, on motion of the district attorney, it is ordered that the marshal take the defendant

into custody." It is further shown by the record that the defendant had previously entered into a recognizance for his appearance in court from time to time, and was under recognizance at the time of the trial. On the same day the verdict was rendered, the defendant came into court and entered into a recognizance to appear before the court from day to day during that term, and also from day to day, and from term to term, to answer any order which the court might make in the case, and not depart without leave of the court. It does not appear how long the interval was between the rendition of the verdict and the time when this recognizance was entered into. On the twenty-fourth day of June, 1882, the defendant appeared in court personally and by his counsel, and moved the court for a new trial, which, after argument, was overruled by the court, and thereupon the sentence of the court already mentioned was passed upon the defendant. The grounds for the motion for a new trial are not stated, nor does it appear whether an objection was or was not taken because of the absence of the defendant and his counsel when the verdict was received.

The only difficulty about this case is whether the defendant is entitled to an order for a stay of proceedings. The statute of 1879 does not make it obligatory on the circuit court to grant a writ of error to the district court in a criminal case; but the court, in favor of the rights of the citizen, would always feel inclined to be liberal in the construction of that part of the statute; and, although the view of the court might be that the judgment and sentence of the district court were right, still, unless it was a case entirely free from doubt, the court would grant a writ of error. But obviously it was the intention of the statute to give an absolute legal discretion to the court, or to the judge, whether the writ of error should operate as a stay of proceedings. It seems to me that the true rule upon the subject is this: If the error complained of is a matter about which there may be a serious question, it is the duty of the court, or of the judge, not only to grant the writ of error, but allow a stay of proceedings, to enable the defendant to take the deliberate judgment of the appellate court upon the question involved in the case. The only question of any importance, as I consider it, arises from the statement of the record that the defendant and his counsel were both *absent* at the time the verdict of the jury was rendered. They were present at the conclusion of the trial, when the evidence was finished, and when the instructions of the court were given to the jury. They then both absented themselves, for what reason and

how long the record does not show. Now, the point is not, as I think, what may be the inclination of the mind of the circuit judge as to the error assigned; but whether there may be a question about which there is a doubt, and as to which the defendant has a right to take the opinion of the appellate court. There is a conflict in the authorities. Some of the authorities which have been cited state that, this being a misdemeanor only, the court had the right to receive the verdict of the jury in the absence of the defendant. I think the counsel of the defendant is perhaps correct in saying there is no case which states that in the absence of both the defendant and his counsel a verdict is properly receivable. I cannot see that there is much distinction in principle upon this point. On a trial for felony at common law the verdict of the jury could not be rendered in the absence of the defendant. We have no clear distinction, in many of the criminal statutes of the states, between felony and misdemeanor; but there is no doubt this offense, though called a misdemeanor by the statute, is a grave one, because the punishment for the commission of the offense may be a fine of $5,000 and ten years' imprisonment, and the sentence was three years in the penitentiary. The punishment, therefore, is very serious, and whatever may be my own view, at this time, of the error assigned upon the record, I think the defendant is entitled to take the opinion, after full argument, of the appellate court upon the question.

I would add, as an additional reason for this conclusion, that the case comes before me now only on a petition for a writ of error, with a request to grant a stay of proceedings. It is quite possible that I may not finally hear this case, and though I might now have an opinion on the case, as another judge may take a different view of it, I think I ought to give the defendant a stay of proceedings. Again, the case may be heard by two judges of the circuit court, and there may be a difference of opinion, possibly, between them, and the case be certified to the supreme court of the United States, and the defendant would then have a right to take the opinion of the court of last resort upon the question.

In view of all these considerations, and for these reasons, I feel inclined not only to grant a writ of error, but a stay of proceedings in the case, and it is so ordered.