EX PARTE BILL COOTS.

No. 5386. Decided May 21, 1919.

**1.—Former Conviction—Suspended Sentence—Cumulative Sentence—Statutes Construed.**

Under article 865c to 865g, inclusive, Vernon's Criminal Statutes, it is clear that the suspension of the sentence and the term of conviction coincide and coexist, and that the suspension begins with the judgment and ends with the time fixed by the verdict of the jury.

2.—Same—Case Stated—Habeas Corpus—Practice on Appeal—Suspended Sentence—Cumulative Sentence.

Where relator was convicted of a felony and given a term of three years in the penitentiary by the verdict of the jury, upon which the court entered judgment and according to the verdict suspended sentence, and three years and a half later defendant wa⸴ charged with another felony convicted and sentenced, the court could not enter judgment upon the last verdict, forfeit the suspension of sentence under the former conviction and sentence relator under accumulative sentence including the first sentence, and the same was reversible error.

From Dallas County.

Original habeas corpus proceeding asking release under cumulative sentence including the sentence of a former judgment of felony upon which the time for imprisonment in the penitentiary by the verdict of the jury had expired.

The opinion states the case.

*H. R. Debenport* for relator.—Cited article 865g, Vernon's Criminal Procedure.

*E. A. Berry,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—This is an original application for a writ of *habeas corpus.*

The pertinent facts, upon which a discharge from custody is sought, show that relator was convicted of a felony and given a term of three years in the penitentiary by the verdict of the jury, upon which the court entered judgment. The jury also at the same time gave him the benefit of a suspended sentence. Three years and a half later he was charged with another felony. Under this charge he was convicted, sentenced. and has served the term. When the court entered judgment upon the last verdict, he also forfeited the suspension of sentence under the former conviction, sentenced relator, and cumulated that sentence with the last sentence.

Relator contends that inasmuch as more than three years elapsed from the time of the suspension of sentence until the violation under which he was convicted on the second trial, that this exonerated him from sentence under the first judgment. The question, therefore, presented is, can the judge or court legally sentence for the first conviction, where suspended sentence is granted, when the term fixed by the jury has expired before the occurrence which predicates the second conviction? In other words, under the statute awarding suspended sentence, does the judgment cease to operate at the expiration of the term fixed by the jury and upon which suspended sentence is awarded, or does it run indefinitely? If the judgment and suspension run indefinitely, at what time would it expire, or would it ever expire?

Article 865c, Vernon's Criminal Statutes, provides that where

suspended sentence is awarded, "neither the verdict of conviction nor the judgment entered thereon shall become final, except under the conditions and in the manner and at the time provided for by section 4 of this Act." Section 4 of said act is found in 2 Vernon's Criminal Statutes, as Article 865e. It provides that:

"Upon the final conviction of the defendant of any other felony, pending the suspension of sentence, the court granting such suspension shall cause a *capias* to issue for the arrest of the defendant, if he is not then in the custody of such court, and upon the execution of a *capias,* and during a term of the court shall pronounce sentence upon the original judgment of conviction, and shall cumulate the punishment of the first with the punishment of any subsequent conviction or convictions, and in such cases no new trial shall be granted in the first conviction."

So it will be seen that the finality of such conviction is made to depend upon said section 4, which authorizes the court to pass sentence by virtue of the first conviction if the final conviction in the second case occurs pending the suspension of sentence in the first. This can only occur under the terms of that statute pending such suspension. This is the power stated and granted by the Legislature, which authorizes the sentence under the first conviction. This carries with it the limitation specified. What is meant by the term "pending the suspension of sentence" above stipulated is defined and set forth in Article 865d, Vernon's Annotated Criminal Statutes. It provides that: "When sentence is suspended the judgment of the court on that subject shall be that sentence of the judgment of conviction shall be suspended during the good behavior of the defendant. By the term 'good behavior' is meant that the defendant shall not be convicted of any felony during the time of such suspension." In other words, that the determination of the suspended sentence, or its cessation, shall depend upon the "good behavior" of defendant, which is that he shall not during such suspension be again convicted of felony. If he again be so convicted he forfeits all benefits of such suspension.

This would seem to make it sufficiently clear that the suspension of the sentence and the term of conviction coincide and coexist; that the suspension begins with the judgment and ends with the time fixed in the verdict by the jury. The suspension is fixed by the jury, they alone having that right. The court is powerless to interfere with the suspended sentence, either to grant or refuse. This is exclusively the province of the jury. When this has been done the court must carry into the judgment the suspension. It is suspended for the time allotted by the jury in their verdict. This is the fair and just interpretation of the legislative Act. If this is not true, the legislative intent and purpose would be defeated. This view is emphasized and it seems rendered clear by the provisions of Article 865g, which provides as follows:

"If at the expiration of the time assessed by the jury as punishment, there be pending against the defendant any other charge of felony, the court shall, upon application of the defendant, (which shall be in writing, and shall state under his oath that he is not guilty of such charge), further suspend the sentence to await the final dispoistion of such other prosecution."

This language seems sufficiently clear to carry with it the idea that the charge against the accused in the second case must have occurred before the expiration of the time fixed by the jury in the first case. This would authorize and require the court to continue the suspension of the sentence until the final disposition of the second case. If he be found not guilty, the second charge would be found by the jury to be untrue, and would relieve of punishment under the first conviction. If he be found guilty, he would forfeit all rights under such suspension. The court has no authority to deal with the suspension of the sentence further than as it pertained to the first conviction. If there be no second conviction, there can be no cumulative sentence. Independent of the statute, the court has no authority to deal with the suspension of the sentence. The law determines that and fixes the *status* and conditions. The court has no authority outside the statute to act, either to curtail or extend the suspension. This depends upon and inheres in the verdict of the jury. The defendant alone by his acts may bring about conditions which forfeit his rights. It takes the verdict of the jury finding him guilty in the second case to forfeit his rights under the suspension of the sentence in the first case. The court can sentence and cumulate when the second felony conviction occurs. Without the provisions of that statute the court would be powerless to act as therein stipulated. This statute was enacted to prevent a forfeiture of the suspended sentence until the jury in the second case had determined that the defendant was guilty in the second case. This view correlates and harmonizes with and is strengthened by the general proposition pervading our entire criminal jurisprudence of reformation of the offender. This idea of reformation is one of the two great basic principles upon which the Penal Code is based: 1. the suppression of crime; 2. the reformation of the offender. Penal Code, Art. 2.

The State through its Legislature holds out to the declared offender that, though he may have offended in the particular instance, yet the jury may for the first offense suspend punishment dependent upon his future "good behavior" during the term for which they assess such punishment. It gives the accused the opportunity to reform. and is intended as encouragement to change his ways and become a good and useful citizen. Such was the intent and purpose of the suspended sentence legislative action. The "good behavior" is made to depend upon the conduct of the convicted party, and it is held out to him as inducement to make a good citizen and become

22—85 T. C. R.

a useful member of society. If he had so acted during the term fixed by the jury, the judgment ceases and his discharge from the allotted punishment follows as a legal consequence.

This view of the law entitles applicant to release under the facts, which is ordered.

*Relator discharged.*