### JOE BROWN V. THE STATE.

No. 10178.    Delivered June 2, 1926.

Rehearing denied January 12, 1927.

**1.—Murder—Suspended Sentence—Statute Construed.**

Where appellant was convicted of a felony in the Distirct Court of Dallas County and granted a suspended sentence, and before the expiration of such suspended sentence was convicted of a felony in the Federal Court at Dallas, there was no error in the state court setting aside the suspension of the sentence, and sentencing him to serve the term of his conviction which had been suspended, on proper showing made.

**2.—Same—Continued.**

Under Art. 779, C. C. P. 1925, which provides that upon conviction of any other felony, pending a suspended sentence, the accused may have the suspension of his sentence set aside and sentence pronounced on the original judgment, would embrace a conviction had in a Federal Court for a felony under the laws of the United States.

**3.—Same—Continued.**

In construing Secs. 1 and 4 of the act together it is clear to us that the revocation of a suspended sentence would seem rightly to rest on the doing of the same thing afterward, which, if in existence before the trial, would have defeated the grant in the first instance, and the legislature intended this in what they said. See Endlich on Interpretation of Statutes, Sec. 35; Lewis Sutherland Statutory Construction, 2d Ed, Vol. 2, Secs. 368 and 370.

ON REHEARING.

**4.—Same—Judgment—When Final.**

Where appellant was shown to have been convicted of a felony in a Federal Court, but that six months' time in which a writ of error might have been applied for had not elapsed since the rendition of such judg-

ment, in the absence of information that a writ of error had been granted and a supersedeas directed against the execution of the judgment, such conviction in the Federal Court is regarded as final. See U. S. v. Whittier, 11 Biss. 358, 13 Fed. 534, and other cases cited in this opinion on rehearing.

Appeal from the Criminal District Court No. 2 of Dallas County. Tried below before the Hon. C. A. Pippen, Judge.

Appeal from a conviction for manslaughter, with a suspended sentence, penalty five years in the penitentiary.

The opinion states the case.

*Calloway, Dalton & Calloway* of Dallas, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—This appeal presents an unusual question. Appellant was convicted of a felony in Dallas County and given a suspended sentence. Thereafter and before the expiration of the term given him by said verdict, he was convicted in the United States District Court at Dallas for an offense denominated as a felony under the Federal statutes, and upon motion of the Hon. Shelby Cox, District Attorney at Dallas, thereafter made in the case in which appellant was given suspension of sentence, same was set aside and appellant duly sentenced in conformity with the judgment in the state court, from which action of the trial judge this appeal was taken.

Appellant asserts that the expression "any other felony" as used in Art. 779 C. C. P. 1925, wherein it is provided that upon conviction of any other felony pending a suspension of sentence, the accused may have sentence pronounced on the original judgment,—must be held by us to mean "any other conviction of felony under the laws of this state," and to hold otherwise would be repugnant to the various clauses of our constitution which he cites.

We deem a reference to the acts of our own legislature in creating the law granting to one tried for a felony, a suspended sentence,—is a sufficient answer to practically all the contentions of appellant. It is provided therein that upon pleading and proof that the accused has never been convicted of a felony "In this or any other state," he may be accorded by the jury, if they so desire, a suspended sentence. What we have just mentioned is set forth in Sec. 1, Chap. 7, acts regular session, Thirty-third Legislature. In Sec. 2 id. appears language having reference to the testimony to be offered, and what issues shall

be submitted to the jury in case the suspended sentence is sought, and the language of said Sec. 2 is "has ever been convicted of a felony." Also in Sec. 4 id., in reference to the revocation of the grant of a suspended sentence, it appears that the suspended sentence may be set aside as follows: "Upon the final conviction of the defendant of any other felony."

Without attempting to follow appellant in all of his propositions and the reasoning of the numerous authorities cited in his able brief, we observe that these matters seem foreign to the case when viewed in what seems to us to be its proper light. In determining the proper construction to be put upon the words in Sec. 4, "any other felony," we must look to all the statute then enacted. We think the legislature well within its power when it made the grant of a suspended sentence depend upon proof that the accused had not been convicted of a felony "in any other state," and that it must have been known when it so wrote its will, that some matters are felonies in other states which are not in Texas. The framers of the law did not make the right to such suspension depend on whether the act of the accused, if committed in any other state, would be such as would be a felony under our law. The language used by them is plain and unambiguous. Proof of conviction of that which is a felony in any other state would deprive one on trial in this state of any right to a suspended sentence.

We are then called on to decide, not as to the power of the legislature to deprive appellant of any vested right, or whether he is called on to suffer for an offense not made penal by the laws of this state, but merely to say whether in Sec. 4 of the act under consideration, the words "any other felony" were intended by the legislature to cover the same territory as is covered by their announcement in Sec. 1, wherein it is expressly stated that the accused shall not be entitled to suspended sentence if it is shown that he has been convicted of a felony in any other state. We entertain no doubt as to the proper solution of this question. The express refusal of suspended sentence upon a named condition, viz: conviction of a felony in any other state,—being in the same act as that which revokes the grant of such suspension upon proof of conviction of any felony,—brings the matter within the rules of construction which require that all parts of a statute must be looked to, and that such meaning must be given to any part under review which would harmonize that part with the whole statute. Endlich on Interpretation of Statutes, Sec. 35; Lewis Sutherland Statutory Construction, 2d. ed., Vol. 2, Secs. 368-370. The grant of suspended

sentence had as one of its objects the reformative effect of holding over the convict the consequences of continued violations of the law. Certainly it was intended that a felony violation in any other state would have effect upon his right to suspended sentence in the first instance, and we see no reason for thinking that the revocation of the grant should not be for the same reason. In other words, it seems to us that the revocation would seem rightly to rest on the doing of the same things afterward which, if in existence before the trial, would have defeated the grant in the first instance and that the legislature intended this in what they said.

There being no doubt in our minds of the fact that appellant was rightly convicted in this state and given a suspended sentence, and of the further fact that before the expiration of the term of years given him by the judgment in said cause, he was finally convicted of a felony in the United States Court, and that proper showing of this fact was made to the court wherein the sentence had been suspended,—the action of the trial judge herein in setting aside the suspension and sentencing appellant as under the judgment, was in our opinion proper.

The judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In the motion for rehearing appellant insists upon his original proposition that the language used by the legislature to the effect that one who had been granted a suspended sentence could be deprived of its benefits if he was subsequently convicted of a felony means the conviction of a felony in this state only. In support of this proposition he cites cases holding that witnesses to be competent to testify because of conviction for felony offenses must be shown to have been convicted of felonies in the state where called as a witness. We think it unnecessary to discuss such authorities, believing they do not apply under the wording of the statute being considered. Amaya v. State, 87 Tex. Crim. Rep. 160, contains some views of this court on an analagous question. Construing the law as a whole we are constrained to adhere to the conclusion announced in our original opinion. We cannot bring ourselves to believe that the legislature intended to deprive one who had been convicted of a felony in another state of a suspended sentence in the first instance, and at the same time permit him to retain that benefit if he should subsequently be convicted of a felony in some other jurisdiction.

Appellant asserts in his motion for rehearing that the trial court had no right to recall the suspension of sentence in this instance because the judgment in the federal court was not a final judgment. As we understand it, he bases this assertion upon the provision of the federal statute giving one convicted six months in which to apply for a writ of error. While this may be true it does not follow by any means that the judgment was not final. In the absence of information that a writ of error had been granted and a supersedeas directed against the execution of the judgment we understand that the judgment of conviction in the federal court is regarded as final. U. S. v. Whittier, 11 Biss. 356, 13 Fed. 534; Hudson v. Parke, 156 U. S. 276, 39. L. Ed. 425; In Re McKanzie, 180 U. S. 535, 45 L. Ed. 657; In Re Claasen, 140 U. S. 200, 35 L. Ed. 409, 17 Corpus Juris, Sec. 3380.

The motion for rehearing is overruled.

*Overruled.*