## RICHARD R. CLARE v. THE STATE.

No. 14978. Delivered October 5, 1932.
Rehearing Denied November 23, 1932.
Reported in 54 S. W. (2d) 127.

The opinion states the case.

*Alex F. Cox,* of Beeville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—The record in this case shows that appellant was indicted in San Patricio county for the theft of an automobile of the value of $100. On the trial of the case on October 4, 1928, appellant entered a plea of guilty. Before the trial began, the appellant filed a written sworn application, asking, in case of conviction, that sentence be suspended. On his plea of guilty the jury fixed his punishment at five years in the penitentiary, but found in their verdict that he had not been theretofore convicted of a felony in this or any other state and recommended that the sentence be suspended. On the same day judgment was entered upon the verdict of the jury and the sentence was suspended thereon during appellant's good behavior, and appellant was released upon his own recognizance in the sum of $500.

On the 7th day of February, 1930, the appellant, under the name of Richard Clair, in the United States District Court for the Western District of Texas, pleaded guilty to an indictment charging him with transporting in interstate commerce from the city of Wingfield, Kansas, into the city of San Antonio, Texas, a certain Nash automobile alleged to have been the prop-

erty of one R. Davis, which had theretofore, on or about the 6th day of August, 1929, been unlawfully stolen and taken away from the possession of the owner in the said city of Wingfield, Kansas, by the said Richard Clair, and upon said plea of guilty his punishment was fixed at imprisonment in the county jail of Bexar county for period of nine months, which sentence appellant served out.

On the 28th day of September, 1931, the judge of the district court of San Patricio county, the county in which the conviction in the first instance had been obtained, entered an order finding that the appellant had committed a subsequent felony and ordered his arrest and the issuance of a capias therefor. On the 26th day of October, 1931, a warrant in pursuance of said order of arrest was placed in the hands of the sheriff of San Patricio county. On the 27th day of said month, the sheriff of San Patricio county received the appellant from the sheriff of Bee county at the jail in Beeville and took the appellant to Sinton for the purpose of having sentence pronounced upon him in the original conviction, and sentence was pronounced in said cause on October 28, 1931.

Prior to the pronouncement of sentence, appellant duly filed his plea to the jurisdiction of the court and exceptions and objections to the judgment and pronouncement of sentence, all of which the court overruled, to which action of the court appellant duly excepted, and gave notice of appeal to this court. The case is now before this court for review and final determination.

Appellant contends that our suspended sentence statute (Code Cr. Proc., 1925, art. 776), is unconstitutional, being a violation of a number of sections of the Bill of Rights of the Constitution of Texas. The constitutionality of the present law has been passed on by this court and the act held constitutional in Baker v. State, 70 Texas Crim. Rep., 618, 158 S. W., 998, and that opinion has been followed in Roberts v. State, 71 Texas Crim. Rep., 77, 158 S. W., 1003. We deem it unnecessary to discuss the constitutionality of the act other than refer to said cases.

The appellant further contends that the court passing sentence upon the appellant was without jurisdiction to so do because the statute of this state upon which said judgment is founded is applicable only to felonies committed in this state and tried by our state courts under indictments presented by a grand jury in the state, and is not applicable to judgments of conviction rendered in a federal court. A similar question was

before this court in the case of Brown v. State, 105 Texas Crim. Rep., 586, 289 S. W., 682. The position appellant takes that the words "any other felony" used in the statute does not include felonies within the purview of the, federal law, nor is the conviction of a felony in a federal court sufficient to bring into effect a sentence which has been suspended, was therein held not tenable.

Appellant further contends that the lower court was without jurisdiction to enter said sentence herein complained of because it lost jurisdiction of this case by permitting appellant to go at large without hindrance for some fourteen months after he had served an imprisonment for a conviction of nine months in the county jail of Bexar county by order of a federal court; because said court had notice of said judgment of said federal court and also notice that the defendant had been at all times within the jurisdiction of said court after he had served this said sentence. The appellant cites in support of this contention, Miner v. U. S., 157, C. C. A., 48, 244 F., 422, 3 A. L. R., 995; Smith v. State of Indiana, 188 Ind., 64, 121 N. E., 829, 2 A. L. R., 999.

In the case of Miner v. U. S., supra, it was held that a court is without power to suspend a sentence once imposed, and similarly it is without power to suspend the imposition of sentence or to parol him when it is not vested with power of parol.

In the case of Smith v. State of Indiana, supra, it was held that the indefinite postponement of sentence upon one convicted of crime deprives the court of jurisdiction to pronounce sentence at a subsequent term and that such postponement is in effect a discharge of the prisoner and therefore ousts the court after the expiration of the term of further authority over him.

The cases cited by appellant are holdings to the effect that until Legislatures shall vest courts with powers to suspend sentences under certain conditions, it is their duty in the trial of a case upon a conviction or a plea of guilty to pronounce judgment without unreasonable delay. However, in this state we have a statute which has been declared constitutional authorizing the suspending of sentence by the court under certain stated conditions. Therefore, we do not think the cases cited by appellant are in point. Article 779, C. C. P., following articles 776, 777, and 778, which provide the manner and mode in which a suspended sentence may be obtained, is as follows: "Upon the final conviction of the defendant of any other felony pending the suspension of sentence, the court granting such suspension shall cause a capias to issue for the

arrest of the defendant, if he is not then in the custody of such court, and during a term of the court shall pronounce sentence upon the original judgment of conviction, and shall cumulate the punishment of the first with the punishment of any subsequent conviction or convictions, and in such cases no new trial shall be granted in the first conviction."

As we understand the contention of the appellant, it is not his contention that the lower court lost jurisdiction because it had no right to sentence appellant at a subsequent term after the date of his conviction in the federal court, but his contention is that under the law he should have been sentenced within a reasonable time after his subsequent conviction in the federal court and that the court's failure to so sentence him until October 28, 1931, was unreasonable and unjust and that the action of the court in failing to sentence him until said date amounts to an indefinite suspension of sentence by the court, and that by reason thereof the lower court lost jurisdiction and power to sentence the appellant and was without jurisdiction to pronounce sentence on said defendant. The evidence offered by the appellant upon the hearing of his plea to the jurisdiction of the court was substantially as follows: Appellant testified that he lived in Bee county, Texas, and had lived there practically all his life; that he was convicted in San Patricio county, Texas, in September, 1928, and given a five-year suspended sentence; that he was convicted in federal court in San Antonio, Texas, and a punishment of confinement in the county jail for a term of nine months had been assessed against him; that said conviction occurred on February 7, 1930; that he was released from jail on September 22, 1930; after he was released from jail he came back to Beeville, Bee county, Texas, and stayed there until he was arrested on the 27th day of October, 1931, the day before he was sentenced; that some kind of process was served upon him while he was in jail serving his sentence in San Antonio; that it was served approximately 30 days after he began serving his sentence, but that he was never removed from the county jail of Bexar county.

It was shown by W. G. Gayle, district attorney of the Thirty-sixth judicial district, that the appellant was originally convicted of the theft of a car from one Withers, and that on or about February 7th, 1930, he was told by the said Withers that he (Withers) understood that the appellant was in jail in San Antonio and had been convicted of a felony and that he (Withers) was going to see that the suspended sentence that the appellant had gotten for stealing his car was carried into effect.

He further testified that some time during February, 1930, the court issued a warrant for appellant's arrest at Mr. Withers' instance, but that he did not think that the warrant was ever executed; that he did not have anything to do with it not being executed, and that was the last connection he had with Withers.

The sheriff of San Patricio county testified that he had had a warrant for appellant's arrest before but did not get him.

Neither the record nor the evidence show that there was any attempt on the part of the presiding judge or of the district attorney to indefinitely postpone the sentencing of the appellant. He was never brought before the court, nor was there any order continuing the passing of the sentence upon the appellant; but the most that can be said in regard to the record is that there was delay in the arrest of the appellant after the knowledge had come to the court and district attorney that he had been convicted and was serving a sentence in federal court in San Antonio. There is no dispute but that the appellant at no time had suffered restraint during the whole time after he had been released from jail in San Antonio.

The right to a suspended sentence is a valuable right. The appellant so recognizes it by asking for same in case of conviction in the first instance, and upon recommendation of the jury it was not within the discretion of the trial court to refuse it. If the appellant did not desire to have a suspended sentence hanging over him, he had the right to refuse to ask for it and serve his term on his plea of guilty. He elected to do otherwise and received his freedom subject to good behavior during the period of time assessed by the verdict of the jury against him. The purpose of permitting the sentence to be suspended is to give a defendant an opportunity to comport himself with good behavior. If he does not do so and is finally convicted of any other felony within the period of suspension, he cannot complain if he is required to serve a sentence in accordance with law for the offense for which he has been theretofore convicted and upon which sentence has been suspended.

We have been unable to find any cases in this state directly in point on this question. The following are some of the cases supporting the views herein stated: State v. Abbot, 87 S. C., 466, 70 S. E., 6, 33 L. R. A. (N. S.) 112; Ann. Cas., 1912B, 1189; Fuller v. State, 100 Miss., 811, 57 So., 806, 39 L. R. A. (N. S.) 242; Ann. Cas., 1914A, 98; Spencer v. State, 125 Tenn., 64, 140 S. W., 597, 38 L. R. A. (N. S.) 680; State ex rel. Tingstad v. Starwich, 119 Wash., 561, 206 Pac., 29; 26 A. L. R., 393.

The judgment is affirmed.                     *Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—It is understood that the suspension of the sentence of one convicted of crime is not, in the absence of statutory authority, one of the inherent powers of the trial judge. See State of Utah v. Zolantakis, 70 Utah, 296, 259 Pac., 1044, 54 Amer. Law. Rep., 1463, and authorities cited in notes on page 1471 of 54 A. L. R.

In this state the subject is covered by statute and limited thereby. That is to say, that the accused, at any time after the term of his conviction has expired, may, upon showing that he has not been subsequently convicted, be released from the suspended sentence by an order of the court. Likewise, if within the period of his conviction under a suspended sentence he is again convicted of a felony, the court has authority to recall the suspended sentence and make the judgment final. See articles 779 and 780, C. C. P. The time within which the court may act is limited only by the duration of the sentence. That is to say, after the time for which one is convicted and placed under a suspended sentence has expired, it is not within the power of the court to recall the suspension and make the judgment final. This was held in the case of Ex parte Coots, 85 Texas Crim. Rep., 334. So far as we are aware there are no other limitations upon the right of the court to recall the sentence. In the present instance, the recall of the suspended sentence was within the duration of the conviction, and therefore was within the jurisdiction of the trial court.

The sufficiency of the sentence pronounced against the appellant in October, 1931, is challenged upon the contention that the appellant was not given an opportunity, before the sentence was passed, to state his reason why it should not be passed. It appears from a bill of exception that the appellant was asked the following question: "Have you anything to say why this sentence should not be pronounced against you?" to which the appellant replied, "I have," and stated in substance that after his conviction in 1928, he was convicted in the federal court and confined for nine months in jail. He was released in November, 1930, since which time he had been in Bee county until October 26, 1931, when he was arrested.

It appears from the record that on his original trial in 1928, the penalty assessed against the appellant was confinement in

the penitentiary for five years.

The statute invoked by the appellant in his contention that he was denied the privilege of giving his reason why sentence should not be pronounced upon him, is article 773, C. C. P., which sets forth the reasons which would be available. It is not contended by the appellant that any of the reasons there mentioned existed. However, as stated above, it appears from the record that he was not denied the right to be heard in opposition to his sentence.

We are constrained to overrule the motion for rehearing, and it is so ordered.

*Overruled.*