## EX PARTE WOODIE DAVIS.

No. 26,201. December 10, 1952.

*Reginald Bracewell*, Huntsville, for relator.

*George P. Blackburn*, State's Attorney, Austin, for the state.

GRAVES, Presiding Judge.

The relator, an inmate of the state penitentiary, has filed an application for a writ of habeas corpus claiming that he is illegally confined in said penitentiary because of the following facts:

On October 2, 1950, the relator was convicted in the district court of Hutchinson County as a second offender under the driving while intoxicated clause and sentenced to two years in the penitentiary. Thereafter, on February 21, 1952, he was again convicted in the same court for driving a motor vehicle while intoxicated and fined the sum of $400.00, which was promptly paid.

Under the first conviction of October 2, 1950, the judge of said court allowed the relator to remain unsentenced until the 7th day of November, 1952, when he was brought into court, and the suspension or probation of sentence was revoked and he was sentenced by the trial court to serve two years in the state penitentiary under the conviction first above mentioned.

It is shown from the record that the revocation of his probation or suspension of sentence took place 35 days after his two-year term would have expired.

It is therefore the contention of the relator that at the time the court revoked his clemency that he had granted, the relator's time for serving in the penitentiary had expired 35 days prior thereto.

Under the presentation of this cause to this court, the matter was referred to the district judge of Hutchinson County, and by him it is shown that the revocation of the relator's clemency took place more than two years after the primary conviction and verdict of two years in the state penitentiary.

We are of the opinion that the trial court was in error in revoking this suspension of sentence after the primary confinement for two years had expired. See Ex parte Coots, 85 Tex. Cr. R. 334, 212 S.W. 173.

If we are operating under Article 779, Sec. 1, C.C.P., relating to the suspension of sentence, it seems that the revocation came too late.

The writer is of the opinion that the case of Broyles v. State, 143 Tex. Cr. R. 556, 159 S.W. (2d) 881, would govern herein, and also that this proceeding is not one relating to the suspension of sentence under the verdict of the jury, but is a proceeding under the probation of sentence by the trial judge. But, in either event, it seems that this suspension or revocation, whichever it might be, is governed by the lapse of time, and that the relator had his clemency revoked by the proper authority, but that the revocation came after the term of years for which he was convicted had expired.

Therefore, we think that the relator is entitled to his discharge at the present time, and it is so ordered in so far as this sentence of date, November 7, 1952, is involved.