

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS

**JOHN BEN SHEPPERD**
ATTORNEY GENERAL

*overruled by Silderbrook) v 24 ad ct of crim appeals·*

July 9, 1953

Hon. J. M. Kolander
County Attorney
Potter County
Amarillo, Texas

Dear Sir:

Opinion No. S-63

Re: Applicability of the Adult
Probation and Parole Law to
probations under the 1953
amendment to the Misde-
meanor DWI Law.

You have requested an opinion on the construc-
tion of Article 802, Vernon's Penal Code, as amended by
Chapter 167, Acts of the 53rd Legislature, 1953, page
480. Your questions are as follows:

"1. What type of probation is contem-
plated by the statute?

"2. Can the probationary period be for
a longer term than the maximum jail term set
by the statute?"

Article 802 as amended provides:

"Any person who drives or operates an
automobile or any other motor vehicle upon
any public road or highway in this State, or
upon any street or alley within the limits
of an incorporated city, town or village,
while such person is intoxicated or under
the influence of intoxicating liquor, shall
be guilty of a misdemeanor and upon convic-
tion shall be punished by confinement in the
county jail for not less than three (3) days
nor more than two (2) years, and by a fine
of not less than Fifty ($50.00) Dollars nor
more than Five Hundred ($500.00) Dollars.
Provided, however, that the presiding judge
in such cases at his discretion may commute

> said jail sentence to a probation period
> of not less than six (6) months." (Emphasis
> added.)

Article 802 was amended by the 53rd Legislature by inserting the underlined word "and" in lieu of the word "or" and by adding to its provisions the underscored words. Therefore, Article 802 was amended by making a mandatory jail sentence and authorizing the presiding judge in such case to commute said jail sentence to a probation period of not less than six (6) months. Prior to the amendment in 1953, the county court did not have authority to place persons convicted in such courts under probation. Ex Parte Hayden, 215 S.W.2d 602 (Tex.Crim. 1948); Attorney General's Opinion V-415 (1947). Under the 1953 amendment, county courts now have specific authority to place persons convicted in such courts for violation of the provisions of Article 802 on probation.

Probation, as it is known and applied in this State, is well defined in the Adult Probation and Parole Law. Article 781b, Vernon's Code Criminal Procedure.

In answer to your second question, it is noted that the probation shall be not less than six months. It may not extend longer than the maximum jail term assessed under Article 802 of Vernon's Penal Code. Ex Parte Davis, 253 S.W.2d 664 (Tex.Crim. 1952); Ex Parte Fernandez, 241 S.W.2d 155 (Tex.Crim. 1951).

## SUMMARY

A defendant convicted under the misdemeanor D.W.I. Law may be placed on probation for not less than six (6) months nor for a longer period than the maximum jail term assessed under Article 802, Vernon's Penal

Code.  The type of probation is the same
as that defined in the Adult Probation
and Parole Law.

Yours very truly,

APPROVED:

JOHN BEN SHEPPERD
Attorney General

J. C. Davis, Jr.
County Affairs Division

Willis E. Gresham
Reviewer

By *John Reeves*
John Reeves
Assistant

Burnell Waldrep
Executive Assistant

John Ben Sheppard
Attorney General

JR:am

## Probation for DWI

The Court of Criminal Appeals has just held in <u>Gilderbloom v. Texas</u> that a defendant convicted under the misdemeanor DWI law could not constitutionally be placed on probation.

This office had previously held in Opinion S-63 that the Legislature intended to authorize probation in such cases, but this opinion did not pass on the constitutionality of the article in question. (Article 802, V.P.C.).

Thus, the effect of our Opinion S-63 has been overruled by the Court's decision. The pertinent part of their ruling reads:

"We hold that the proviso which authorizes commutation of the jail sentence is unconstitutional and inoperative, but that the remainder of this Act is valid."