**AFFIRMED and Opinion Filed October 25, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-22-00014-CR

**JUSTIN LATODD CASSELBERRY, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 196th Judicial District Court**
**Hunt County, Texas**
**Trial Court Cause No. 33754CR**

## MEMORANDUM OPINION

Before Justices Schenck, Reichek, and Goldstein
Opinion by Justice Schenck

Justin Latodd Casselberry appeals his conviction for the offense of possession of a controlled substance, less than 1 gram. In his sole issue, appellant contends the trial court failed to comply with Code of Criminal Procedure article 42.07's requirement that, prior to pronouncing sentence, the court ask whether he has anything to say as to why sentence should not be pronounced against him. We affirm the trial court's judgment. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

## BACKGROUND

Appellant was charged by indictment with the felony offense of possession of a controlled substance, less than one gram. Appellant entered a plea of not guilty. The case was presented to a jury. The jury found appellant guilty of the charged offense and assessed punishment at 2 year's confinement. In accordance with the jury's verdict, the trial court found appellant guilty of the offense as charged in the indictment and sentenced him to 2 years confinement in state jail. The trial court certified appellant's right of appeal.

## DISCUSSION

In his sole issue, appellant claims the trial court violated his statutory right to allocution.[1] In his argument, in addition to referencing article 42.07, appellant references the common-law right of allocution. Thus, we construe appellant's complaint to encompass both the statutory and common-law rights to allocution. The State replies, appellant failed to preserve his complaint for review and, with respect to the statutory right of allocution, appellant has failed to establish any of the statutory grounds for not pronouncing sentence apply to him.[2]

---

[1] The term "allocution" refers to a trial judge's asking a criminal defendant to speak in mitigation of the sentence to be imposed. *Williamson v. State*, No. 05-17-00411-CR, 2018 WL 388025, at *3 (Tex. App.—Dallas Jan. 12, 2018, pet. ref'd) (mem. op., not designated for publication) (citing *Eisen v. State*, 40 S.W.3d 628, 631–32 (Tex. App.—Waco 2001, pet. ref'd)) (quoting A Dictionary of Modern Legal Usage 44–45 (Bryan A. Garner ed., 2d ed., Oxford 1995)).

[2] The statutory grounds for prohibiting the imposition of sentence are prior pardon, incompetence to stand trial, and mistaken identity. TEX. CODE CRIM. PROC. ANN. art. 42.07

While the right of allocution is not constitutionally grounded, the United States Supreme Court has recognized that the right to allocution is a common-law right. *Green v. United States*, 365 U.S. 301, 304 (1961). That common-law right was recognized in Texas at least until the enactment of section 42.07 of the Texas Code of Criminal Procedure. *See Clare v. State*, 54 S.W.2d 127, 129 (Tex. Crim. App. 1932) (op. on reh'g). In 1965, the Texas Legislature codified a statutory-version of the right of allocution. *See* TEX. CODE CRIM. PROC. ANN. art. 42.07 (requiring that the defendant be asked, before sentence is pronounced, "whether he has anything to say why the sentence should not be imposed against him.").

Following the enactment of code of criminal procedure article 42.07, the questions of whether the statute encompassed the same scope as the former common-law practice, or, if not, whether the statute supplanted any potential broader reach of the common-law right remained unanswered. *See, Hall v. State*, No. 05-18-00442-CR, 2019 WL 3955772, at *2 n.1 (Tex. App.—Dallas Aug. 22, 2019, pet. ref'd) (mem. op., not designated for publication) (Schenck, J., concurring). As it stands, the statute is framed in two parts, with the first appearing to impose no limit on what the defendant might say, and the second constraining what the judge might act upon, limiting him or her to the enumerated legal bars to the pronouncement of sentence. CODE CRIM. PROC. art. 42.07. So read, the statute would only conflict with the common law *if* the common law in fact permitted a judge to act more broadly, in

which case, article 1.27 of the code of criminal procedure may provide for continued application of the common-law right. *Id.* art. 1.27.

We are not postured to answer any of these questions in this case, however. The record here shows that after hearing punishment evidence the trial court pronounced sentence without first asking appellant if there was any reason at law why sentence should not be imposed or whether he had anything to say in mitigation of the punishment to be imposed. To complain on appeal of the denial of the right of allocution, whether statutory or one claimed under the common law, controlling precedent requires that a defendant timely object. *See Gallegos-Perez v. State*, No. 05-16-00015-CR, 2016 WL 6519113, at *2 (Tex. App.—Dallas Nov. 1, 2016, no pet.) (mem. op., not designated for publication) (citing *Tenon v. State*, 563 S.W.2d 622, 623 (Tex. Crim. App. 1978) (panel op.); *McClintick v. State*, 508 S.W.2d 616, 618 (Tex. Crim. App. 1974)). Appellant did not object to the trial court's failure to recognize his right to allocution. Thus, he failed to preserve the issue for appeal. Accordingly, we are compelled to overrule appellant's sole issue.

## CONCLUSION

We affirm the trial court's judgment.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

DO NOT PUBLISH
TEX. R. APP. P. 47

220014F.U05

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JUSTIN LATODD
CASSELBERRY, Appellant

No. 05-22-00014-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 196th Judicial
District Court, Hunt County, Texas
Trial Court Cause No. 33754CR.
Opinion delivered by Justice
Schenck. Justices Reichek and
Goldstein participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 25th day of October 2022.