## WINFRED HOUSE v. STATE

No. 29,529. February 5, 1958.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) March 12, 1958.

*McCarthy, Rose & Haynes,* Amarillo, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

This is an appeal from an order revoking probation.

Appellant plead guilty to the offense of burglary on April 23, 1956, and receiving probation, the terms of which were that he would:

1. Commit no offense against the law.

2. Remain within Hall County.

3. Report to the court on the first Monday in January and August of each year.

At the hearing on motion to revoke held on April 22, 1957, it was established that no reports had even been received by the court, that the appellant had plead guilty to the offense of speeding, and was charged with transporting whiskey, grain alcohol and beer in a dry area. Appellant, testifying in his own behalf, stated that the load of intoxicants was being brought through the dry territory for a Christmas party and not for resale.

It was also established that prior to the 1956 conviction the appellant had received a suspended sentence for burglary in the district court of Hale County in 1943.

In his order revoking probation, the court found that appellant had violated the terms of his probation *and further found* that "probation in this case was obtained in the first instance by false and fraudulent testimony of the Defendant, that he never before had been convicted of a felony in this State."

It is because of this further recitation that the appellant contends that the order of revocation was unauthorized and relies upon Trevino v. State, 161 Texas Cr. Rep. 58, 274 S.W. 2d 685. Our holding in Trevino was that a court was without authority some eighteen years after the granting of a suspended sentence to set aside the suspended sentence and put into effect the remainder of the judgment.

We are not here dealing with a suspended sentence. The court in the case at bar had evidence upon which he might properly revoke probation. Jackson v. State, 165 Texas Cr. Rep. 380, 307 S.W. 2d 809. This order was based *in part* upon such evidence. We would not be inclined to hold that the court abused his discretion in revoking probation where such order is based upon proper and admissible evidence.

The judgment is affirmed.