Joe BALLI, Appellant,

v.

The STATE of Texas, Appellee.

No. 51057.

Court of Criminal Appeals of Texas.

Dec. 3, 1975.

Van Stovall, Plainview, Court appointed, for appellant.

Marvin F. Marshall, Dist. Atty., Plainview, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal is from an order revoking probation. On April 23, 1974, the appellant

was found guilty by a jury of assault with intent to commit robbery upon a robbery by assault indictment. The offense apparently was committed September 22, 1973. The punishment was assessed under the new Code by the jury at ten (10) years and $1,000. See Article 12.34 (Third Degree Felony Punishment), V.T.C.A. Penal Code. The jury recommended probation, and the appellant was placed on probation for ten (10) years subject to certain probationary conditions imposed by the court, which included the requirement that he "(a) commit no offense against the laws of this State or any other State or the United States, and (b) avoid injurious or vicious habits; no use of alcohol, narcotics or dangerous drugs."

On January 2, 1975, the State filed a motion to revoke probation alleging that the appellant had violated the above described conditions by "a. On December 5, 1974 Joe Balli was arrested by the City Police in Plainview, Hale County, Texas and booked for Public Intoxication. b. Probationer did not avoid the use of alcohol and consequently was arrested for Public Intoxication."

On March 19, 1975, the court conducted a hearing on the revocation motion. The evidence established that appellant was the person placed on probation and his probationary conditions. Thomas Stephens, Municipal Court Judge, testified that the appellant had entered a plea of guilty before him to a charge of "drunkeness," on December 6, 1974, and was assessed a fine of $52.50, which the appellant laid out in jail. Neither his testimony nor the docket sheet of the Municipal Court, which was introduced, reflected the date on which the offense was alleged to have occurred.[1] Steve Holmes, city of Plainview police officer for 23 months, testified that after dark on December 5, 1974, he received information that someone was walking around some businesses on Eighth Street. In checking the area, he observed the appellant, with whom he was acquainted, walking in the middle of the eight hundred block of Denver Street. Holmes related he stopped and talked with the appellant, that his breath smelled strong of alcoholic beverage, that his speech was slurred, that he swayed noticeably, and that when he tried to walk he almost fell. Holmes expressed the opinion, based on his experience, that the appellant was intoxicated. He arrested the appellant. On cross-examination he testified that at the time he arrested the appellant the street was vacant of cars "at that moment."

At the conclusion of the hearing the trial court revoked probation, stating the evidence was insufficient to show a penal offense, but that evidence was sufficient to show the appellant did use alcohol in violation of probationary conditions. However, the written order revoking probation entered on the same date and appearing in the appellate record without objection made the findings that the appellant "violated the terms of his probation in that he committed the offense of public intoxication against the laws of the State of Texas; failed to avoid the use of intoxicating beverages (injurious habits)." The order was personally signed by the trial judge.

■■■ Although the appellant and the State both briefed this case as though the court's oral statements at the conclusion of the hearing are controlling, we conclude the written findings are, and that the evidence is sufficient to show the commission of a penal offense, to-wit: public intoxication, which was a violation of the probation conditions.

V.T.C.A. Penal Code, Section 42.08, provides in part:

"An individual commits an offense if he appears in a public place under the influence of alcohol or any other sub-

---

1. This type of evidence frequently causes evidentiary problems where the State relies alone upon a conviction to show the commission of a penal offense. See *Ross v. State*, 523 S.W.2d 402 (Tex.Cr.App.1975); *Mason v. State*, 438 S.W.2d 556 (Tex.Cr. App.1969). See also *Taylor v. State*, 172 Tex.Cr.R. 45, 353 S.W.2d 422 (1962); *Jansson v. State*, 473 S.W.2d 40 (Tex.Cr.App. 1971).

stance, to the degree that he may endanger himself or another."

The evidence reflects that appellant in a state of intoxication was walking in the middle of a public street in the city of Plainview after dark, although at the moment the street was vacant. This evidence was sufficient to show a violation of said Section 42.08, *supra*.

■ Appellant urges that the officer's opinion that appellant was intoxicated should not have been considered since it was formed after the officer had stopped and detained appellant without probable cause. First, we observe that all of Officer Holmes' testimony was elicited without objection. Any error was thus waived. See *Williams v. State*, 372 S.W.2d 326 (Tex.Cr. App.1963).

■ Further, we conclude that *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), and *Adams v. Williams*, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972), cited by appellant, are contrary to his contention. In *Terry* the Supreme Court stated:

" . . . A police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest." 392 U.S. at 22, 88 S.Ct. at 1880.

The mere brief stopping of an individual on a street for questioning to "determine his identity or to maintain the status quo momentarily while obtaining more information" is expressly countenanced by *Adams*, 407 U.S. at 146, 92 S.Ct. at 1923.

The information obtained after the officer approached the appellant walking in the middle of the street—the odor of alcohol on his breath, the slurred speech, the swaying and difficulty in walking, combined to create probable cause to arrest for public in-

toxication. Article 14.01, Vernon's Ann.C. C.P., permits the warrantless arrest of an individual committing an offense in an officer's presence. See *Chambler v. State*, 416 S.W.2d 826 (Tex.Cr.App.1967); *Wood v. State*, 515 S.W.2d 300 (Tex.Cr.App.1974). Appellant's contention is without merit.

■ There being a valid ground to justify revocation, we need not consider appellant's other contention that the evidence showed only a single use of alcohol and did not reflect an injurious or vicious habit in violation of probation.[2] See *Cox v. State*, 445 S.W.2d 200 (Tex.Cr.App.1969); *Jones v. State*, 478 S.W.2d 937 (Tex.Cr.App.1972). Likewise, we need not consider whether the imposition of the probationary condition "(b) avoid injurious or vicious habits; no use of alcohol, narcotics or dangerous drugs" was a proper fleshing out of statutory conditions to which the court was limited when probation is recommended by the jury. See Article 42.12, Sec. 3a, Vernon's Ann.C.C.P. See and cf. *Flores v. State*, 513 S.W.2d 66 (Tex.Cr.App.1974).

■ There appears another reason why the revocation of probation was proper. Under the provisions of Article 42.12, supra, the jury may recommend probation where the punishment assessed is ten years or less. The punishment here assessed was ten years plus $1,000 fine. Since the punishment assessed was in excess of ten years, probation should not have been granted, despite the jury's recommendation. Since appellant was not eligible for probation in light of the punishment assessed, the court did not err in revoking probation. See *Popham v. State*, 154 Tex.Cr.R. 529, 228 S.W.2d 857 (1950); *Dunn v. State*, 159 Tex.Cr.R. 520, 265 S.W.2d 589 (1954); *Cromeans v. State*, 160 Tex.Cr.R. 135, 268 S.W.2d 133 (1954); *House v. State*, 166 Tex.Cr.R. 41, 310 S.W.2d 339 (1958); *Hartley v. State*, 169 Tex.Cr.R. 341, 334 S.W.2d 287 (1960).

The judgment is affirmed.

---

2. Appellant cited and relied upon *Kubat v. State*, 503 S.W.2d 258 (Tex.Cr.App.1974). See also *Campbell v. State*, 456 S.W.2d 918, 922 (Tex.Cr.App.1970); *Marshall v. State*, 466 S.W.2d 582 (Tex.Cr.App.1971).