NO. 07-01-0066-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JANUARY 18, 2002

_____


CARLOS MATA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A13917-0012; HONORABLE JACK R. MILLER, JUDGE

_____

Before QUINN and REAVIS and JOHNSON, JJ.

Following his plea of not guilty, appellant Carlos Mata was convicted by a jury of unlawful possession of a firearm by a felon, sentenced to eight years confinement and assessed a fine of $10,000. By three points of error, appellant contends that the trial court erred in (1) admitting evidence seized after his warrantless arrest, (2) refusing to submit to the jury his timely requested instruction, and (3) submitting an inaccurate and incomplete

jury instruction. Based on the rationale expressed herein, we affirm the judgment of the trial court.

Because appellant does not challenge the sufficiency of the evidence to support his conviction, a detailed fact statement is not required. Shortly after midnight on August 26, 2000, Officer Sanchez was dispatched to an area in Plainview to investigate a report that shots had been fired. As he was driving to the area where the shots were reported, he saw appellant and another male walking in the middle of the street. He activated the overhead lights on his patrol car and stopped the two men. The officer recognized appellant and detected signs that he and the other man were intoxicated. After performing field sobriety tests, appellant and the other man were arrested for public intoxication. The officer testified that in his opinion, appellant exposed himself to danger by walking down the middle of a public street at night. After appellant was taken to jail, a .22 caliber handgun was discovered on his person during a pat down and booking procedure.

By his first point of error, appellant contends the trial court erred in admitting evidence seized after his warrantless arrest. We disagree. Without presenting a pretrial motion to suppress evidence, appellant objected to the admission of the firearm into evidence contending it was seized after a warrantless arrest. Although appellant's brief does not cite us to the portion of the record where his objection was made, our review shows that his objection appears in volume six of the reporter's record. There, without

questioning the witness on voir dire examination, appellant's counsel presented the following objection:

> Your Honor, I would object because before any evidence obtained after an arrest can be admitted it must be proven by the State that it is a lawful arrest. For there to be a lawful arrest under the facts of this case, it must be an articulable basis for the offense of public intoxication including the element of danger to self over others, which has not been presented, which there is no such articulable basis.

The trial court overruled the objection and admitted the firearm into evidence. Appellant's argument does not challenge his state of intoxication or that he was walking in the middle of the street at night, but only questions whether the officer's knowledge is sufficient to "warrant him as a prudent man to believe that appellant, albeit intoxicated, posed such a danger to himself or another that he had committed or was committing the offense of public intoxication." Section 49.02(a) of the Texas Penal Code provides in part:

> A person commits an offense if the person appears in a public place while intoxicated to the degree that the person may endanger the person or another.

(Vernon Supp. 2002). The question presented here was previously decided in Balli v. State, 530 S.W.2d 123, 126 (Tex.Cr.App. 1975), *overruled on other grounds*, Chudleigh v. State, 540 S.W.2d 314, 319 (Tex.Cr.App. 1976). There, as here, the officer approached the appellant walking in the middle of the street and noticed the odor of alcohol on his breath, slurred speech, swaying, and difficulty in walking. The Court held that because the officer had probable cause to arrest appellant for public intoxication without a warrant

3

under article 14.01 of the Texas Code of Criminal Procedure,[1] the trial court did not err in overruling appellant's objection.  Similarly, appellant's first point of error is overruled.

By his second and third points of error, without specific citation to article 38.23 of the Texas Code of Criminal Procedure, appellant contends that the trial court erred in refusing to submit to the jury his timely requested instruction and that the trial court erred in submitting an erroneous instruction regarding his unlawful warrantless arrest.  We disagree.

Because appellant did not challenge the fact of his intoxication while walking in the middle of the street at night, no fact issue was presented on probable cause and it was a question to be determined by the trial court as a matter of law.  McElwee v. State, 493 S.W.2d 876, 880 (Tex.Cr.App. 1973).  In a situation such as this, article 38.23 of the Code of Criminal Procedure, requiring that an instruction be presented to the jury if there is a fact issue on how the evidence was obtained, does not apply.  Wesbrook v. State, 29 S.W.3d 103, 121 (Tex.Cr.App. 2000).  Therefore, instructions regarding unlawful arrest were not proper.  Points of error two and three are overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.

---

[1]Now article 14.03(a)(1) of the Texas Code of Criminal Procedure (Vernon Supp. 2002).