NO. 07-01-0066-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



JANUARY 18, 2002



______________________________




CARLOS MATA, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 64TH DISTRICT COURT OF HALE COUNTY;



NO. A13917-0012; HONORABLE JACK R. MILLER, JUDGE



_______________________________



Before QUINN and REAVIS and JOHNSON, JJ.

 Following his plea of not guilty, appellant Carlos Mata was convicted by a jury of
unlawful possession of a firearm by a felon, sentenced to eight years confinement and
assessed a fine of $10,000. By three points of error, appellant contends that the trial court
erred in (1) admitting evidence seized after his warrantless arrest, (2) refusing to submit
to the jury his timely requested instruction, and (3) submitting an inaccurate and incomplete
jury instruction. Based on the rationale expressed herein, we affirm the judgment of the
trial court.

 Because appellant does not challenge the sufficiency of the evidence to support his
conviction, a detailed fact statement is not required. Shortly after midnight on August 26,
2000, Officer Sanchez was dispatched to an area in Plainview to investigate a report that
shots had been fired. As he was driving to the area where the shots were reported, he saw
appellant and another male walking in the middle of the street. He activated the overhead
lights on his patrol car and stopped the two men. The officer recognized appellant and 
detected signs that he and the other man were intoxicated. After performing field sobriety
tests, appellant and the other man were arrested for public intoxication. The officer
testified that in his opinion, appellant exposed himself to danger by walking down the
middle of a public street at night. After appellant was taken to jail, a .22 caliber handgun
was discovered on his person during a pat down and booking procedure.

 By his first point of error, appellant contends the trial court erred in admitting
evidence seized after his warrantless arrest. We disagree. Without presenting a pretrial
motion to suppress evidence, appellant objected to the admission of the firearm into
evidence contending it was seized after a warrantless arrest. Although appellant's brief
does not cite us to the portion of the record where his objection was made, our review
shows that his objection appears in volume six of the reporter's record. There, without
questioning the witness on voir dire examination, appellant's counsel presented the
following objection:

 Your Honor, I would object because before any evidence obtained after an
arrest can be admitted it must be proven by the State that it is a lawful arrest.
For there to be a lawful arrest under the facts of this case, it must be an
articulable basis for the offense of public intoxication including the element
of danger to self over others, which has not been presented, which there is
no such articulable basis. 


The trial court overruled the objection and admitted the firearm into evidence. Appellant's
argument does not challenge his state of intoxication or that he was walking in the middle
of the street at night, but only questions whether the officer's knowledge is sufficient to
"warrant him as a prudent man to believe that appellant, albeit intoxicated, posed such a
danger to himself or another that he had committed or was committing the offense of public
intoxication." Section 49.02(a) of the Texas Penal Code provides in part: 

 A person commits an offense if the person appears in a public place while
intoxicated to the degree that the person may endanger the person or
another. 


(Vernon Supp. 2002). The question presented here was previously decided in Balli v.
State, 530 S.W.2d 123, 126 (Tex.Cr.App. 1975), overruled on other grounds, Chudleigh
v. State, 540 S.W.2d 314, 319 (Tex.Cr.App. 1976). There, as here, the officer approached
the appellant walking in the middle of the street and noticed the odor of alcohol on his
breath, slurred speech, swaying, and difficulty in walking. The Court held that because the
officer had probable cause to arrest appellant for public intoxication without a warrant
under article 14.01 of the Texas Code of Criminal Procedure, (1) the trial court did not err in
overruling appellant's objection. Similarly, appellant's first point of error is overruled.

 By his second and third points of error, without specific citation to article 38.23 of
the Texas Code of Criminal Procedure, appellant contends that the trial court erred in
refusing to submit to the jury his timely requested instruction and that the trial court erred
in submitting an erroneous instruction regarding his unlawful warrantless arrest. We
disagree.

 Because appellant did not challenge the fact of his intoxication while walking in the
middle of the street at night, no fact issue was presented on probable cause and it was a
question to be determined by the trial court as a matter of law. McElwee v. State, 493
S.W.2d 876, 880 (Tex.Cr.App. 1973). In a situation such as this, article 38.23 of the Code
of Criminal Procedure, requiring that an instruction be presented to the jury if there is a fact
issue on how the evidence was obtained, does not apply. Wesbrook v. State, 29 S.W.3d
103, 121 (Tex.Cr.App. 2000). Therefore, instructions regarding unlawful arrest were not
proper. Points of error two and three are overruled.

 Accordingly, the judgment of the trial court is affirmed.

 


 Don H. Reavis

 Justice

Do not publish.
1. Now article 14.03(a)(1) of the Texas Code of Criminal Procedure (Vernon Supp.
2002).



t to the contrary. 

Issues Two and Three - Improper Closing Argument


 In issues two and three, appellant complains about two aspects of the State's jury
argument. The first involves the prosecutor's supposed attempt to inject himself as a
witness into the case while the second concerns his purported effort to mislead the jury. 
We overrule both issues.

 As for the first complaint, the prosecutor indicated during his closing statement that 
A.P. was being truthful because he had personally spoken with her. Appellant objected,
and the trial court directed the State to "avoid this area." Rather than comply, the
prosecutor returned to his argument by again informing the jury that he had spoken with
the girl. So too was he about to reveal what she told him when appellant again complained. 
In response, the trial court told the prosecutor he could "state what [he] heard from the
witness stand." At that point, the prosecutor began to reiterate what the victim said while
testifying at trial. 

 We note that appellant initially contends that the trial court failed to rule on his
objections. In making this argument, however, appellant says nothing about why the
directives to "avoid this area" and to limit his comments to what the child said from the
witness stand do not constitute rulings. This omission is of import because authority clearly
recognizes that a judge may impliedly rule upon an objection. Rey v. State, 897 S.W.2d
333, 336 (Tex. Crim. App. 1995). Moreover, such occurs when the court's actions or
statement unquestionably indicate a ruling. Id. Here, telling the prosecutor to "avoid this
area" and to restrict his comment to what the child said from the witness stand
unquestionably indicates that the prosecutor was to stop doing that which he attempted. 
Moreover, these directives came in response to appellant's objections. Thus, we conclude
that while the trial judge may not have used the words "sustained" or "overruled," he,
nonetheless, impliedly sustained the objections.

 Next, to the extent appellant suggests that the trial court erred in ameliorating the
prejudicial effect of these and other comments made by the prosecutor, we note that he
asked the court to neither instruct the jury to disregard them nor grant a mistrial. Authority
holds that to preserve error involving prosecutorial misconduct, such as improper jury
argument, the complainant must not only object but also request an instruction to disregard
and move for a mistrial. Penry v. State, 903 S.W.2d 715, 764 (Tex. Crim. App.), cert.
denied, 516 U.S. 977, 116 S.Ct. 480, 133 L.Ed.2d 408 (1995). Since appellant sought
neither an instruction to disregard or a mistrial, any error arising from the prosecutor's
attempt to become a witness and reiterate what the child told him was not preserved.

 The same is true with the complaint regarding the prosecutor's alleged attempt to
mislead the jury. The trial court sustained the objection, and appellant solicited no further
relief. By neglecting to do so, he did not preserve his complaint. Id.

Issue Four - Ineffective Assistance of Counsel


 Through his final issue, appellant contends that he received ineffective assistance
of counsel with respect to the preparation of the jury charge. The ineffectiveness
purportedly concerned the lesser-included offense of indecent exposure. While the lesser
offense was included in the jury charge, counsel allegedly failed to object to 1) the lack of
a definition for "reckless," 2) the characterization of the offense as a class B misdemeanor,
and 3) the omission of an instruction requiring the jury to give appellant "the 'benefit of the
doubt' if [it] cannot decide which offense" he committed. This allegedly evinced
ineffectiveness on the part of counsel. We overrule the issue.

 Standard of Review

 The standard of review requires appellant to prove by a preponderance of the
evidence not only that counsel's representation fell below the objective standard of
professional norms but also that it prejudiced his defense. Bone v. State, 77 S.W.3d 828,
833 (Tex. Crim. App. 2002). To satisfy the latter prong, it must be shown that there existed
a reasonable probability that but for the misconduct, the result would have been different. 
Id. And, this occurs when the circumstances undermine our confidence in the outcome. 
Id. 

 Application of Standard

 Appellant neither cited authority nor proffered explanation illustrating why it was error
for his counsel to withhold objection about 1) the characterization of the offense as a class
B misdemeanor or 2) the missing "benefit of the doubt" instruction. This may be because
1) indecent exposure is a Class B misdemeanor, Tex. Pen. Code Ann. §21.08 (b) (Vernon
2003), and 2) a trial court need not give a "benefit of the doubt" instruction when the
charge, as here, instructs the jury that, if it is not convinced beyond a reasonable doubt that
appellant is guilty of the greater offense, it should acquit him of that offense and then
consider his guilt for the lesser one. Benavides v. State, 763 S.W.2d 587, 589 (Tex. App.-
Corpus Christi 1988, pet. ref'd). Given this, we cannot say that these complaints establish
deficient performance on the part of trial counsel. 

 As to the definition of "reckless," appellant makes no effort to explain how or if the
verdict would have differed had the definition been given. (2) He simply concludes that the
omission was harmful, denied him a fair trial, and undermined the confidence in the verdict. 
Again, his burden was to establish how the supposed error hurt him, not simply conclude
that it did. This neglect coupled with the rather overwhelming evidence of appellant's guilt
for indecency with a child requires us to reject his claim of ineffective assistance. See Ladd
v. State, 3 S.W.3d 547, 570 (Tex. Crim. App. 1999), cert. denied, 529 U.S. 1070, 120 S.Ct.
1680, 146 L.Ed.2d 487 (2000) (holding that because appellant made "no effort to prove the
prejudice prong" he was not entitled to relief).

 Having overruled each of appellant's arguments, we affirm the judgment.


 Brian Quinn 

 Justice


Do not publish. 
1. The differences consisted of A.P. testifying at trial that she did not tell anyone originally that appellant
had a mustache, a tattoo on his arm, that his penis was out, or that the man was masturbating. As to the
omission regarding appellant's masturbation, she said that she did not originally tell police because she did
not know how to describe it and because she was embarrassed by it. 
2. Indeed, this same deficiency encompasses each item of misconduct about which appellant
complains in issue 4. Thus, all are subject to rejection on this basis.