NO. 07-06-0430-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A 

SEPTEMBER 29, 2008

______________________________

DAVID SIGALA ROMERO, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 287
TH
 DISTRICT COURT OF BAILEY COUNTY;

NO. 2425; HON. GORDON H. GREEN, PRESIDING

_______________________________

Before CAMPBELL and HANCOCK and PIRTLE, JJ. 

MEMORANDUM OPINION

Appellant David Sigala Romero appeals his conviction by jury of attempted sexual assault.  By two issues, appellant contends the trial court committed reversible error by instructing the jury to disregard the testimony of a witness in its entirety because the witness violated “the rule.”  Finding the contention was not preserved for our review, we affirm.

Background

Appellant was charged with the offense of attempted aggravated sexual assault.
(footnote: 1)  Following his plea of not guilty, the matter proceeded to jury trial.  Evidence showed the victim was related by marriage to appellant.  She testified that on the night in question she went to bed after returning home from an outing with friends.  Her brother and his girlfriend were at the home babysitting the victim’s children, and remained there that night.  The victim said she went to sleep at approximately 2:00 a.m., and awoke about two-and-a-half hours later to find appellant attempting to have sexual intercourse with her.  She testified she screamed once, loudly, and began kicking and fighting appellant, who continued his ultimately unsuccessful attempt to engage in sexual intercourse with her.  

Appellant presented witnesses in support of his contention that their sexual contact was consensual.  Following presentation of the evidence, the jury found appellant guilty of the lesser-included offense of attempted sexual assault.
(footnote: 2)  Punishment was assessed at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of three years and a fine of $4000.  The court sentenced appellant accordingly and this appeal followed.

Analysis

Via his two issues, appellant contends the trial court committed reversible error by instructing the jury to disregard the testimony of a witness in its entirety because she had violated the rule pertaining to witnesses.  He argues that by doing so, the trial court denied appellant his constitutional rights to call witnesses on his behalf and his due process right to a fair trial.  Because we agree with the State that the contention of error was not preserved for our review, we must overrule appellant’s issues.

Texas Rule of Evidence 614, which sets forth what is commonly known simply as “the rule,” provides, in part:  “At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion.”
(footnote: 3)  The purpose of the rule is to prevent the testimony of one witness from influencing the testimony of another, consciously or not.  
Russell v. State,
 155 S.W.3d 176 (Tex.Crim.App. 2005). 

Here, the rule was invoked and, following opening statements, the trial court gathered the witnesses and explained the rule to them, stating, in part: “[t]he Rule as to Witnesses has been invoked, so I’m asking the State and the defendant to call all their witnesses that are present here at the courthouse into the courtroom at this time . . . . The Rule as to Witnesses has been invoked.  That means that you cannot come in the courtroom while the trial is going on.  You must remain here at the courthouse outside the courtroom so that you can hear one of the bailiffs whenever they call you in this case.” 

After appellant’s third witness testified, a juror made the court aware that the witness had been in the courtroom during the previous day’s testimony.  Outside the jury’s presence, the court then questioned the witness.  She acknowledged she was present when the court instructed the witnesses that they were not permitted in the courtroom during trial proceedings until called to testify. She nevertheless admitted she listened to part of the trial. The court told both parties he was going to tell the jury to disregard all the witness’s testimony.  The judge then asked both the State and appellant’s counsel if there was anything either party wanted to put on the record regarding his ruling.  No objections were advanced and appellant’s counsel asked only that the court provide the jury an explanation regarding his instruction that they disregard the testimony. The court complied with this request.  After instructing the jury, the court asked the State and defense if either had anything to add.  Appellant’s attorney answered “[a]bsolutely not, Judge.” 

Generally, appellate review of a claim of error by the trial court must be preserved  by a timely and specific objection at trial, followed by a ruling.  Tex. R. App. P. 33.1; 
see Canales v. State,
 98 S.W.3d 690, 699 (Tex.Crim.App. 2003) (applying rule).  
See
 
also
 
Gillenwaters v. State,
 205 S.W.3d 534, 537 (Tex.Crim.App. 2006) (noting one purpose of preservation of error requirement is to allow trial court opportunity to address claimed errors while they can be corrected). Claims of constitutional error also are subject to the preservation of error rules.  
Wright v. State,
 28 S.W.3d 526, 536 (Tex.Crim.App. 2000); 
Cockrell v. State,
 933 S.W.2d 73, 89 (Tex.Crim.App. 1996).  Here, during the hearing regarding the violation of the rule, the prosecutor stated “if [the witness] violated the rules, and the rule is that she’s not supposed to be in the courtroom, then I would suggest that we follow the rule and strike her testimony . . . [o]r at least not let her testify further.”  Appellant’s counsel agreed “if [the witness] was put under the rule, then I would agree with [the prosecutor] that we need to follow the rule.”  Finding the record does not reflect an objection to the trial court’s remedy for the violation of the rule, we must conclude appellant’s issues present nothing for our review. Tex. R. App. P. 33.1(a)(1).

Accordingly, appellant’s issues are overruled and the trial court’s judgment is affirmed.

James T. Campbell

Justice

Do not publish.

  

 

\ÇÖíê______________________________

CARLOS MATA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 64
TH
 DISTRICT COURT OF HALE COUNTY;

NO. A13917-0012; HONORABLE JACK R. MILLER, JUDGE

_______________________________

Before QUINN and REAVIS and JOHNSON, JJ.

Following his plea of not guilty, appellant Carlos Mata was convicted by a jury of unlawful possession of a firearm by a felon, sentenced to eight years confinement and assessed a fine of $10,000.  By three points of error, appellant contends that the trial court erred in (1) admitting evidence seized after his warrantless arrest, (2) refusing to submit to the jury his timely requested instruction, and (3) submitting an inaccurate and incomplete jury instruction.  Based on the rationale expressed herein, we affirm the judgment of the trial court.

Because appellant does not challenge the sufficiency of the evidence to support his conviction, a detailed fact statement is not required.  Shortly after midnight on August 26, 2000, Officer Sanchez was dispatched to an area in Plainview to investigate a report that shots had been fired.  As he was driving to the area where the shots were reported, he saw appellant and another male walking in the middle of the street.  He activated the overhead lights on his patrol car and stopped the two men.  The officer recognized appellant and  detected signs that he and the other man were intoxicated.  After performing field sobriety tests, appellant and the other man were arrested for public intoxication.  The officer testified that in his opinion, appellant exposed himself to danger by walking down the middle of a public street at night.  After appellant was taken to jail, a .22 caliber handgun was discovered on his person during a pat down and booking procedure.

By his first point of error, appellant contends the trial court erred in admitting evidence seized after his warrantless arrest.  We disagree.  Without presenting a pretrial motion to suppress evidence, appellant objected to the admission of the firearm into evidence contending it was seized after a warrantless arrest.  Although appellant’s brief does not cite us to the portion of the record where his objection was made, our review shows that his objection appears in volume six of the reporter’s record.  There, without questioning the witness on voir dire examination, appellant’s counsel presented the following objection:

Your Honor, I would object because before any evidence obtained after an arrest can be admitted it must be proven by the State that it is a lawful arrest. For there to be a lawful arrest under the facts of this case, it must be an articulable basis for the offense of public intoxication including the element of danger to self over others, which has not been presented, which there is no such articulable basis. 

The trial court overruled the objection and admitted the firearm into evidence.  Appellant’s argument does not challenge his state of intoxication or that he was walking in the middle of the street at night, but only questions whether the officer’s knowledge is sufficient to “warrant him as a prudent man to believe that appellant, albeit intoxicated, posed such a danger to himself or another that he had committed or was committing the offense of public intoxication.”  Section 49.02(a) of the Texas Penal Code provides in part: 

A person commits an offense if the person appears in a public place while intoxicated to the degree that the person may endanger the person or another. 

(Vernon Supp. 2002).  The question presented here was previously decided in Balli v. State, 530 S.W.2d 123, 126 (Tex.Cr.App. 1975), 
overruled on other grounds
, Chudleigh v. State, 540 S.W.2d 314, 319 (Tex.Cr.App. 1976).  There, as here, the officer approached the appellant walking in the middle of the street and noticed the odor of alcohol on his breath, slurred speech, swaying, and difficulty in walking.  The Court held that because the officer had probable cause to arrest appellant for public intoxication without a warrant under article 14.01 of the Texas Code of Criminal Procedure,
(footnote: 1) the trial court did not err in overruling appellant’s objection.  Similarly, appellant’s first point of error is overruled.

By his second and third points of error, without specific citation to article 38.23 of the Texas Code of Criminal Procedure, appellant contends that the trial court erred in refusing to submit to the jury his timely requested instruction and that the trial court erred in submitting an erroneous instruction regarding his unlawful warrantless arrest.  We disagree.

Because appellant did not challenge the fact of his intoxication while walking in the middle of the street at night, no fact issue was presented on probable cause and it was a question to be determined by the trial court as a matter of law.  McElwee v. State, 493 S.W.2d 876, 880 (Tex.Cr.App. 1973).  In a situation such as this, article 38.23 of the Code of Criminal Procedure, requiring that an instruction be presented to the jury if there is a fact issue on how the evidence was obtained, does not apply.  Wesbrook v. State, 29 S.W.3d 103, 121 (Tex.Cr.App. 2000).  Therefore, instructions regarding unlawful arrest were not proper.  Points of error two and three are overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis

    Justice

Do not publish.

FOOTNOTES
1: 
See
 Tex. Penal Code Ann. § 15.01 (Vernon 2003) and Tex. Penal Code Ann. § 22.021 (Vernon 2007). 

2: 
See
 Tex. Penal Code Ann. § 15.01 (Vernon 2003) and Tex. Penal Code Ann. § 22.011 (Vernon 2005). 

3: The rule also provides certain exclusions.  Tex. R. Evid. 614.  None of the exclusions are at issue here. 

1: