# NO. 12-09-00314-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *WILLIAM ASHLEY TIDWELL,*<br>*APPELLANT* | § | *APPEAL FROM THE 159TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

William Ashley Tidwell appeals his convictions for two counts of sexual assault. In one issue, Appellant argues that the trial court erred in revoking his community supervision and sentencing him to prison because the State did not prove that he violated the terms of his community supervision. We affirm.

### BACKGROUND

Appellant was charged with and pleaded guilty to two counts of the felony offense of sexual assault. The trial court deferred adjudication of his guilt and placed him on community supervision.[1] Several years later, the State filed a motion to revoke Appellant's community supervision and adjudicate his guilt alleging that he had violated the terms of his community supervision. The State subsequently amended its motion to adjudicate. In the amended motion, the State alleged that Appellant twice committed the offense of driving while intoxicated, committed the offense of assault, failed to notify his community supervision officer before changing his residency, failed to pay a forty dollar monthly supervision fee for a period of one year, failed to attend three meetings of "Sex Offender Groups," and failed to pay, for a period of

---

[1] *See* TEX. CODE CRIM. PROC. ANN. 42.12, § 5 (Vernon Supp. 2009).

more than a year, a five dollar monthly sex offender fee.

The trial court conducted a hearing on the State's motion. Appellant pleaded true to one of the allegations that he drove while intoxicated. He pleaded not true to the other allegation that he drove while intoxicated and to the allegation that he committed an assault. The State abandoned the allegation that Appellant failed to notify the relevant authorities before he moved. Appellant pleaded true to the allegation that he failed to make the forty dollar monthly payments, and he pleaded not true to the allegations that he did not make the five dollar monthly payment and that he failed to attend the meetings. The State proceeded to offer evidence to support its motion. At the conclusion of the hearing, the court found the allegations in the motion, excepting the abandoned allegation, to be true. After ordering and reviewing a presentence investigation report, the trial court conducted an adjudication and sentencing hearing. At the conclusion of the hearing, the trial court assessed punishment at imprisonment for fifteen years on each count with the sentences to be served concurrently. This appeal followed.

REVOCATION OF COMMUNITY SUPERVISION

In his sole issue, Appellant contends that the trial court abused its discretion in revoking his community supervision.

**Standard of Review and Applicable Law**

Generally, we review a trial court's decision to revoke community supervision for an abuse of discretion. *See Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). In a community supervision revocation proceeding, the state has the burden of proving a violation of the terms of community supervision by a preponderance of the evidence. *See Rickels*, 202 S.W.3d at 763-64; *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). The state satisfies this standard when the greater weight of the credible evidence before the court, viewed in a light most favorable to the ruling, creates a reasonable belief that a condition of community supervision has been violated as alleged. *See Rickels*, 202 S.W.3d at 764; *Jenkins v. State*, 740 S.W.2d 435, 437 (Tex. Crim. App. 1983).

In cases where the trial court revokes a defendant's community supervision based upon findings that a defendant violated more than one condition of probation, such a revocation does

2

not constitute an abuse of discretion where any single finding of a violation is held to be valid. *See Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980) ("We need not address [the] appellant's other contentions since one sufficient ground for revocation will support the [trial] court's order to revoke probation."); *Balli v. State*, 530 S.W.2d 123, 126 (Tex. Crim. App. 1975) ("There being a valid ground to justify revocation, we need not consider [the] appellant's other contention that the evidence showed only a single use of alcohol and did not reflect an injurious or vicious habit in violation of probation."); *Cochran v. State*, 78 S.W.3d 20, 28 (Tex. App.– Tyler 2002, no pet.).

## Analysis

Appellant pleaded true to the allegation that he committed the offense of driving while intoxicated. On appeal, Appellant argues that the trial court abused its discretion in finding this allegation to be true because the State did not immediately file a motion to terminate his community supervision upon learning of his conviction. We are unaware of a requirement that the State must file a motion to adjudicate guilt immediately upon learning of a violation of community supervision, and Appellant has not cited any authority for this proposition. The violation occurred within the period of Appellant's community supervision, and the State filed its motion to revoke before Appellant's period of community supervision expired. *See* TEX. CODE CRIM. PROC. ANN. 42.12, §§ 5(b), 21(e) (Vernon Supp. 2009) Accordingly, the trial court was permitted to consider Appellant's having committed the offense of driving while intoxicated when deciding whether Appellant had violated the terms of his community supervision.

Appellant pleaded true to the allegation that he committed the offense of driving while intoxicated while on community supervision. Both his plea of true[2] and the record[3] support the trial court's conclusion that Appellant violated the terms of his community supervision by driving while intoxicated. Therefore, we hold that the trial court did not abuse its discretion by revoking Appellant's community supervision. Pursuant to *Moore* and *Cochran*, we need not

---

[2] *See Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979) (A plea of true to any one alleged violation is sufficient to support a revocation of supervision.); *see also* *Rincon v. State*, 615 S.W.2d 746, 747 (Tex. Crim. App. 1981) (Sufficiency of evidence to support revocation may not be challenged on appeal when appellant has pleaded "true" to the allegation in the trial court.).

[3] Appellant admitted that he was on community supervision for the driving while intoxicated offense and a certified copy of the conviction was admitted at the hearing.

consider Appellant's arguments with respect to the other alleged violations of his community supervision as a single violation is sufficient to support the ruling of the trial court. We overrule Appellant's sole issue.

**DISPOSITION**

Having overruled Appellant's sole issue, we ***affirm*** the judgment of the trial court.

**BRIAN HOYLE**
Justice

Opinion delivered May 28, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)
