MARY'S OPINION HEADING 








NO. 12-09-00314-CR

 

IN
THE COURT OF APPEALS 

 

TWELFTH COURT OF
APPEALS DISTRICT

 

TYLER,
TEXAS

WILLIAM ASHLEY
TIDWELL,                 §                      APPEAL FROM THE 159TH

APPELLANT

 

V.                                                                    §                      JUDICIAL
DISTRICT COURT OF

 

THE STATE OF
TEXAS,

APPELLEE                                                   §                      ANGELINA
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION

            William
Ashley Tidwell appeals his convictions for two counts of sexual assault.  In
one issue, Appellant argues that the trial court erred in revoking his
community supervision and sentencing him to prison because the State did not
prove that he violated the terms of his community supervision.  We affirm. 

 

Background

Appellant
was charged with and pleaded guilty to two counts of the felony offense of
sexual assault.  The trial court deferred adjudication of his guilt and placed
him on community supervision.[1]  Several years
later, the State filed a motion to revoke Appellant’s community supervision and
adjudicate his guilt alleging that he had violated the terms of his community
supervision.  The State subsequently amended its motion to adjudicate.  In the
amended motion, the State alleged that Appellant twice committed the offense of
driving while intoxicated, committed the offense of assault, failed to notify
his community supervision officer before changing his residency, failed to pay
a forty dollar monthly supervision fee for a period of one year, failed to
attend three meetings of “Sex Offender Groups,” and failed to pay, for a period
of more than a year, a five dollar monthly sex offender fee.  

The
trial court conducted a hearing on the State’s motion.  Appellant pleaded true
to one of the allegations that he drove while intoxicated.  He pleaded not true
to the other allegation that he drove while intoxicated and to the allegation
that he committed an assault.  The State abandoned the allegation that
Appellant failed to notify the relevant authorities before he moved.  Appellant
pleaded true to the allegation that he failed to make the forty dollar monthly
payments, and he pleaded not true to the allegations that he did not make the
five dollar monthly payment and that he failed to attend the meetings.  The
State proceeded to offer evidence to support its motion.  At the conclusion of
the hearing, the court found the allegations in the motion, excepting the
abandoned allegation, to be true.  After ordering and reviewing a presentence
investigation report, the trial court conducted an adjudication and sentencing
hearing.  At the conclusion of the hearing, the trial court assessed punishment
at imprisonment for fifteen years on each count with the sentences to be served
concurrently.  This appeal followed.  

 

Revocation of Community Supervision

In
his sole issue, Appellant contends that the trial court abused its discretion
in revoking his community supervision.  

Standard
of Review and Applicable Law

Generally,
we review a trial court’s decision to revoke community supervision for an abuse
of discretion. See Rickels v. State, 202 S.W.3d 759, 763
(Tex. Crim. App. 2006); Cardona v. State, 665 S.W.2d 492, 493
(Tex. Crim. App. 1984).  In a community supervision revocation proceeding, the
state has the burden of proving a violation of the terms of community
supervision by a preponderance of the evidence.  See Rickels,
202 S.W.3d at 763-64; Cobb v. State, 851 S.W.2d 871, 873 (Tex.
Crim. App. 1993).  The state satisfies this standard when the greater weight of
the credible evidence before the court, viewed in a light most favorable to the
ruling, creates a reasonable belief that a condition of community supervision
has been violated as alleged.  See Rickels, 202 S.W.3d at
764; Jenkins v. State, 740 S.W.2d 435, 437 (Tex. Crim. App.
1983).

In
cases where the trial court revokes a defendant’s community supervision based
upon findings that a defendant violated more than one condition of probation,
such a revocation does not constitute an abuse of discretion where any single
finding of a violation is held to be valid. See Moore v. State,
605 S.W.2d 924, 926 (Tex. Crim. App. 1980) (“We need not address [the]
appellant’s other contentions since one sufficient ground for revocation will
support the [trial] court's order to revoke probation.”); Balli v. State,
530 S.W.2d 123, 126 (Tex. Crim. App. 1975) (“There being a valid ground to
justify revocation, we need not consider [the] appellant’s other contention
that the evidence showed only a single use of alcohol and did not reflect an
injurious or vicious habit in violation of probation.”); Cochran v. State,
78 S.W.3d 20, 28 (Tex. App.–Tyler 2002, no pet.).

Analysis

Appellant
pleaded true to the allegation that he committed the offense of driving while
intoxicated.  On appeal, Appellant argues that the trial court abused its
discretion in finding this allegation to be true because the State did not
immediately file a motion to terminate his community supervision upon learning
of his conviction.  We are unaware of a requirement that the State must file a
motion to adjudicate guilt immediately upon learning of a violation of
community supervision, and Appellant has not cited any authority for this
proposition.  The violation occurred within the period of Appellant’s community
supervision, and the State filed its motion to revoke before Appellant’s period
of community supervision expired.  See Tex.
Code Crim. Proc. Ann. 42.12, §§ 5(b), 21(e) (Vernon Supp. 2009) 
Accordingly, the trial court was permitted to consider Appellant’s having
committed the offense of driving while intoxicated when deciding whether
Appellant had violated the terms of his community supervision.  

Appellant
pleaded true to the allegation that he committed the offense of driving while
intoxicated while on community supervision.  Both his plea of true[2] and the record[3]
support the trial court’s conclusion that Appellant violated the terms of his
community supervision by driving while intoxicated.  Therefore, we hold that
the trial court did not abuse its discretion by revoking Appellant’s community
supervision.  Pursuant to Moore and Cochran, we
need not consider Appellant’s arguments with respect to the other alleged
violations of his community supervision as a single violation is sufficient to
support the ruling of the trial court.  We overrule Appellant’s sole issue.

 

Disposition

            Having
overruled Appellant’s sole issue, we affirm the judgment of the
trial court.

 

                                                                                                Brian Hoyle

                                                                                                     
Justice

 

 

Opinion
delivered May 28, 2010.

Panel consisted of Worthen, C.J.,
Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)

 









[1] See Tex. Code Crim. Proc. Ann. 42.12,
§ 5 (Vernon Supp. 2009).





[2] See Moses v. State,
590 S.W.2d 469, 470 (Tex. Crim. App. 1979) (A plea of true to any one alleged
violation is sufficient to support a revocation of supervision.); see also
Rincon v. State, 615 S.W.2d 746, 747 (Tex. Crim. App. 1981) (Sufficiency of evidence to
support revocation may not be challenged
on appeal when appellant
has pleaded “true” to the allegation in the trial court.).

 





[3] Appellant admitted that he was
on community supervision for the driving while intoxicated offense and a
certified copy of the conviction was admitted at the hearing.