COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| MICHAEL WILLIAM BROWN, | § | No. 08-11-00230-CR |
| Appellant, | § | |
| | § | Appeal from the |
| v. | § | |
| | § | 396th District Court |
| THE STATE OF TEXAS, | § | |
| | § | of Tarrant County, Texas |
| Appellee. | § | |
| | § | (TC#0900094D) |

## **O P I N I O N**

Appellant Michael William Brown appeals from a judgment revoking his community supervision.   We affirm.

## **BACKGROUND**

On August 4, 2004, pursuant to a plea bargain, Appellant pleaded guilty to the offense of burglary of a habitation.   The trial court placed Appellant on ten years' deferred adjudication community supervision.   As part of his community supervision, Appellant was required to commit no offense against the laws of the State of Texas or of any State or of the United States, avoid having any unsupervised contact with children under the age of fifteen, and report monthly to a community supervision officer.

On August 16, 2010, the State filed a petition to proceed to adjudication alleging four violations of the terms and conditions of community supervision by Appellant.   Specifically, the State's petition alleged that Appellant violated his community supervision by: (1) unlawfully recording a visual image of another in a private location without her consent with the intent to arouse or satisfy his sexual desire; (2) failing to report to his community supervision officer in March 2008; (3) failing to pay several probation fees; and (4) having unsupervised contact with a

thirteen-year old minor. At the revocation hearing, on June 2, 2011, Appellant pleaded "not true" to the allegation in paragraph 1 and pleaded "true" to the allegations in paragraphs 2 through 4. The trial court found the four alleged violations to be true and found Appellant guilty of burglary of a habitation.

The next day, at the hearing on the State's petition to proceed to adjudication, Appellant withdrew his pleas of "true" and pleaded "not true" to all allegations. At that time, the State re-opened and waived the alleged violation in paragraph 3. At the hearing, Maria Luna, the senior court officer for the Community Supervision and Corrections Department, testified that Appellant failed to report to his probation officer in March 2008, in violation of his probation. At the hearing, the trial court took judicial notice that Appellant was ordered to have no unsupervised contact with children under the age of fifteen. The State reoffered all the evidence presented during the revocation hearing.[1] The trial court found Appellant violated the terms and conditions of his probation as alleged in paragraphs 1, 2, and 4 of the State's petition and found him guilty of the offense of burglary of a habitation. The trial court sentenced Appellant to ten years' confinement. This appeal followed.

## REVOCATION OF COMMUNITY SUPERVISION

### *Standard of Review*

We review a trial court's decision to revoke community supervision for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). The State must show the alleged violations of the trial court's order by a preponderance of the evidence. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). There is a preponderance of the evidence if the

---

[1] This included testimony from Appellant's ex-girlfriend's fourteen-year-old daughter who testified that on April 26, 2010, she was home alone with Appellant because her mom was in jail.

greater weight of the credible evidence creates a reasonable belief that the defendant has violated a condition of his community supervision. *Rickels*, 202 S.W.3d at 763-64. In a revocation hearing, the trial court is the sole trier of fact and determines the credibility of the witnesses and weight to be given their testimony. *Allbright v. State*, 13 S.W.3d 817, 818-19 (Tex. App. – Fort Worth 2000, pet. ref'd). On appeal, we view evidence presented at the revocation hearing in a light most favorable to the trial court's ruling. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981); *Martinez v. State*, 130 S.W.3d 95, 97 (Tex. App. – El Paso 2003, no pet.). When more than one violation of the conditions of community supervision is found by the trial court, the revocation order must be affirmed if a single ground supports the trial court's order. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980).

## DISCUSSION

In two issues, Appellant challenges the trial court's revocation of his community supervision alleging that the trial court erred: (1) in admitting and considering photographs at punishment that were not affirmatively linked to Appellant; and (2) in admitting evidence obtained from an illegal search of Appellant's computer. We need not address these contentions because there is sufficient evidence to support the trial court's conclusion that Appellant violated the terms and conditions of his community supervision. *See Moore*, 605 S.W.2d at 926; *see also Balli v. State*, 530 S.W.2d 123, 126 (Tex. Crim. App. 1975).

The evidence at trial showed that Appellant failed to report to his community supervision officer in March 2008, in violation of the terms and conditions of his community supervision. The evidence further established that on April 26, 2010, Appellant was home alone with a child under the age of fifteen. Under the terms and conditions of his community supervision, Appellant was required not to have any unsupervised contact with children under the age of fifteen.

3

Appellant did not dispute that he failed to report to his probation officer or that he had unsupervised contact with a child under the age of fifteen.

When viewed in the light most favorable to the trial court's ruling, the evidence presented at trial supports the trial court's order finding Appellant violated the terms and conditions of community supervision, adjudicating him guilty of burglary of a habitation, and revoking his community supervision. *Garrett*, 619 S.W.2d at 174; *Martinez*, 130 S.W.3d at 97.

A single violation of a condition of community supervision is sufficient to support a trial court's revocation order. *See Moore*, 605 S.W.2d at 926. Because there are at least two valid grounds to justify the trial court's revocation order, we conclude the trial court did not abuse its discretion in revoking Appellant's community supervision. *See id*; *Rickels*, 202 S.W.3d at 763-64. Issues One and Two are overruled.

## CONCLUSION

The trial court's judgment is affirmed.


GUADALUPE RIVERA, Justice

January 16, 2013

Before McClure, C.J., Rivera, and Antcliff, JJ.
Antcliff, J., not participating

(Do Not Publish)

4