COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS


 
 
  
 MICHAEL WILLIAM BROWN,
  
                            
 Appellant,
  
 v.
  
 THE STATE OF TEXAS,
  
                            
 Appellee.
 
 
  
   '
     
   '
     
   '
     
   '
     
   '
     
  '
 
  
 
 
  
  
                   No. 08-11-00230-CR
  
 Appeal from the
  
 396th
 District Court
  
 of Tarrant
 County, Texas
  
 (TC#0900094D)
  
 
 


                                                                  O
P I N I O N

Appellant
Michael William Brown appeals from a judgment revoking his community
supervision.  We affirm.

                                                               BACKGROUND








On
August 4, 2004, pursuant to a plea bargain, Appellant pleaded guilty to the
offense of burglary of a habitation.  The
trial court placed Appellant on ten years’ deferred adjudication community
supervision.  As part of his community
supervision, Appellant was required to commit no offense against the laws of
the State of Texas or of any State or of the United States, avoid having any
unsupervised contact with children under the age of fifteen, and report monthly
to a community supervision officer.

On
August 16, 2010, the State filed a petition to proceed to adjudication alleging
four violations of the terms and conditions of community supervision by
Appellant.  Specifically, the State’s
petition alleged that Appellant violated his community supervision by: (1)
unlawfully recording a visual image of another in a private location without
her consent with the intent to arouse or satisfy his sexual desire; (2) failing
to report to his community supervision officer in March 2008; (3) failing to
pay several probation fees; and (4) having unsupervised contact with a
thirteen-year old minor.  At the
revocation hearing, on June 2, 2011, Appellant pleaded “not true” to the
allegation in paragraph 1 and pleaded “true” to the allegations in paragraphs 2
through 4.  The trial court found the
four alleged violations to be true and found Appellant guilty of burglary of a
habitation.

The
next day, at the hearing on the State’s petition to proceed to adjudication,
Appellant withdrew his pleas of “true” and pleaded “not true” to all
allegations.  At that time, the State
re-opened and waived the alleged violation in paragraph 3.  At the hearing, Maria Luna, the senior court
officer for the Community Supervision and Corrections Department, testified
that Appellant failed to report to his probation officer in March 2008, in
violation of his probation.  At the
hearing, the trial court took judicial notice that Appellant was ordered to
have no unsupervised contact with children under the age of fifteen.  The State reoffered all the evidence presented
during the revocation hearing.[1]  The trial court found Appellant violated the
terms and conditions of his probation as alleged in paragraphs 1, 2, and 4 of
the State’s petition and found him guilty of the offense of burglary of a
habitation.  The trial court sentenced
Appellant to ten years’ confinement.  This
appeal followed.

Revocation of Community Supervision

Standard of Review

We review a trial court’s decision to revoke community supervision
for an abuse of discretion.  Rickels v. State, 202 S.W.3d 759, 763
(Tex. Crim. App. 2006).  The State must
show the alleged violations of the trial court’s order by a preponderance of
the evidence.  Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993).  There is a preponderance of the evidence if
the greater weight of the credible evidence creates a reasonable belief that
the defendant has violated a condition of his community supervision.  Rickels,
202 S.W.3d at 763-64.  In a revocation hearing, the trial court
is the sole trier of fact and determines the credibility of the witnesses and
weight to be given their testimony.  Allbright v. State, 13 S.W.3d 817,
818-19 (Tex. App. – Fort Worth 2000, pet. ref’d).  On appeal, we view evidence
presented at the revocation hearing in a light most favorable to the trial
court’s ruling.  Garrett v. State, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.]
1981); Martinez v. State, 130 S.W.3d
95, 97 (Tex. App. – El Paso 2003, no pet.). 
When more than one violation of the conditions of community supervision
is found by the trial court, the revocation order must be affirmed if a single
ground supports the trial court’s order. 
Moore v. State, 605 S.W.2d
924, 926 (Tex. Crim. App. 1980).

DISCUSSION


In two issues, Appellant challenges the trial court’s revocation
of his community supervision alleging that the trial court erred: (1) in
admitting and considering photographs at punishment that were not affirmatively
linked to Appellant; and (2) in admitting evidence obtained from an illegal
search of Appellant’s computer.  We need
not address these contentions because there is sufficient evidence to support
the trial court’s conclusion that Appellant violated the terms and conditions
of his community supervision.  See Moore, 605 S.W.2d at 926; see also Balli v. State, 530 S.W.2d 123,
126 (Tex. Crim. App. 1975).

The evidence at trial showed that Appellant failed to report to
his community supervision officer in March 2008, in violation of the terms and
conditions of his community supervision. 
The evidence further established that on April 26, 2010, Appellant was
home alone with a child under the age of fifteen.  Under the terms and conditions of his
community supervision, Appellant was required not to have any unsupervised
contact with children under the age of fifteen. 
Appellant did not dispute that he failed to report to his probation
officer or that he had unsupervised contact with a child under the age of fifteen.

When viewed in the light most favorable to the trial court’s
ruling, the evidence presented at trial supports the trial court’s order
finding Appellant violated the terms and conditions of community supervision,
adjudicating him guilty of burglary of a habitation, and revoking his community
supervision.  Garrett, 619 S.W.2d at 174; Martinez,
130 S.W.3d at 97.

A single violation of a condition of community supervision is
sufficient to support a trial court’s revocation order.  See
Moore, 605 S.W.2d at 926.  Because there are at least two valid
grounds to justify the trial court’s revocation order, we conclude the trial
court did not abuse its discretion in revoking Appellant’s community
supervision.  See id; Rickels, 202
S.W.3d at 763-64.  Issues One and Two are overruled.

CONCLUSION

The
trial court’s judgment is affirmed.

 

                                                                        GUADALUPE
RIVERA, Justice

January 16, 2013

 

Before McClure, C.J., Rivera, and Antcliff, JJ.

Antcliff, J., not participating

 

(Do Not Publish)

 











[1]
This included testimony from Appellant’s ex-girlfriend’s fourteen-year-old
daughter who testified that on April 26, 2010, she was home alone with
Appellant because her mom was in jail.